UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FLORICA MARCELA BULGAREA, | ) | |
| f/k/a FLORICA MARCELA CIMPAN, | ) | No. 08 B 19992 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ILENE F. GOLDSTEIN, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 A 1019 |
| | ) | |
| NATIONAL CITY MORTGAGE | ) | |
| COMPANY and LASALLE BANK, N.A., | ) | |
| n/k/a BANK OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

## MEMORANDUM OPINION

Before the court for ruling is the motion of plaintiff Ilene F. Goldstein ("Goldstein"), chapter 7 trustee, for partial summary judgment on her adversary complaint against defendant National City Mortgage Company ("National City"). The complaint seeks to avoid the first mortgage that National City holds on the residence of debtor Florica Marcela Bulgarea ("Bulgarea"). The complaint also alleges a claim against LaSalle Bank, N.A. ("LaSalle") requiring LaSalle to "prove up" the amount of its second mortgage on Bulgarea's residence.

For the reasons that follow, Goldstein's motion for summary judgment on her claim against National City will be granted. The claim against LaSalle will be dismissed on the court's own motion for lack of jurisdiction.

### 1. Jurisdiction

The court has subject matter jurisdiction over the action against National City pursuant to 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). The claim against National City is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K). As to the claim against LaSalle, the court has jurisdiction to determine its own jurisdiction. *See Bayo v. Napolitano*, 593 F.3d 495, 500 (7th Cir. 2010).

### 2. Facts

The following facts are not in dispute. As of July 31, 2008, Bulgarea owned property at 325 Garrison Circle, Port Barrington, Illinois ("the property"). (Def. L.R. 7056-2 Resp. ¶ 7). The property is located in McHenry County, Illinois. (*Id.*). Bulgarea purchased the property from the Roger E. Hedberg, Jr. Trust ("the Hedberg Trust") in June 2003. (*Id.* ¶ 9 and Pl. L.R. 7056-1 Stmt., Ex. A).

To purchase the property, Bulgarea borrowed $244,000 from IVC Mortgage Group, Inc. ("IVC"). (*Id.* ¶ 9). She executed a promissory note and a mortgage in IVC's favor to secure payment of the note. (*Id.* ¶¶ 9-10). IVC immediately assigned the note and mortgage to National City. (*Id.* ¶ 11). However, National City mistakenly recorded the mortgage in the office of the Lake County Recorder of Deeds, not in the office of the McHenry County Recorder of Deeds. (*Id.* ¶ 12). As far as the record shows, National City's mortgage still had not been recorded in McHenry County as of July 31, 2008.

As of July 31, 2008, the deed from the Hedberg Trust conveying the property to Bulgarea also had not been recorded in McHenry County. (Pl. Resp. to L.R. 7056-2 Add'l Stmt. ¶ 3). The deed was instead mistakenly recorded in Lake County in July 2003 at the same time as National

City's mortgage. (*Id.* ¶ 1).

In April 2005, Bulgarea and her husband obtained a $75,000 line of credit from LaSalle. (Compl. ¶ 16; LaSalle Answer ¶ 16). In connection with the line of credit, they executed a mortgage on the property in favor of LaSalle. (*Id.* ¶ 17). In May 2005, LaSalle recorded its mortgage in McHenry County where the property is located. (*Id.* ¶ 18).

On July 31, 2008, Bulgarea filed a chapter 7 bankruptcy case. (Bankr. Dkt. No. 1). As of the petition date, the McHenry County record showed title to the property still in the Hedberg Trust and also showed a mortgage from Bulgarea to LaSalle. It did not show Bulgarea's title or National City's mortgage.

Goldstein was appointed trustee of Bulgarea's estate, and in December 2008, she commenced this adversary proceeding against National City and LaSalle. Her single-count complaint asserted a claim against National City in which she sought to avoid National City's mortgage pursuant to section 544(a) of the Bankruptcy Code, 11 U.S.C. § 544(a). The claim in the complaint against LaSalle "request[ed] that LaSalle be compelled to prove up the amount of its lien claim against the Property in anticipation of a sale of the Property." (Compl. ¶ 22). Goldstein now moves for partial summary judgment on her claim against National City.

### 3. Discussion

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2) (made applicable by Fed. R. Bankr. P. 7056). On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation

-3-

omitted).

No facts are in dispute here, and Goldstein is entitled to judgment as a matter of law because her "strong arm" power in sections 544(a)(1) and (3) of the Code gives her an interest in the property superior to National City's interest. The motion for summary judgment will therefore be granted, and National City's mortgage on the property will be avoided. On the court's own motion, however, the claim against LaSalle will be dismissed for lack of jurisdiction. The complaint alleges no case or controversy between Goldstein and LaSalle.

### a. Claim Against National City

The undisputed facts establish Goldstein's superior right to the property as a hypothetical judicial lien creditor and bona fide purchaser under sections 544(a)(1) and (3), respectively. As of the petition date, such a creditor or purchaser would have had no notice – not even inquiry notice – that National City held a mortgage on the property.

Section 544(a) grants a trustee in bankruptcy what is called the "strong arm" power. Section 544(a)(1) allows the trustee to avoid a transfer of the debtor's property voidable by a creditor who "extends credit to the debtor at the time of the commencement of the case" and "obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien . . . ." 11 U.S.C. § 544(a)(1). Section 544(a)(3) allows a trustee to avoid a transfer voidable by "a bona fide purchaser of real property" who "obtains the status of a bona fide purchaser . . . at the time of the commencement of the case . . . ." 11 U.S.C. § 544(a)(3). Whether a judicial lien creditor or bona fide purchaser can avoid a transfer depends on applicable state law. *Belisle v. Plunkett*, 877 F.2d 512, 515 (7th Cir. 1989); *Sandy Ridge Oil Co. v. Centerre Bank, N.A. (In re Sandy Ridge Oil*

*Co.)*, 807 F.2d 1332, 1336 (7th Cir. 1986).

Under Illinois law, a mortgage is ineffective against a purchaser or creditor who lacks actual or constructive notice of it. *National City Bank of Ottawa v. Cowdin*, 343 Ill. 430, 436, 175 N.E. 411, 413 (1931); *Allison v. White*, 285 Ill. 311, 324, 120 N.E. 809, 813 (1918). The Bankruptcy Code rules out actual notice in this case, since section 544 confers rights "without regard to any knowledge of the trustee." 11 U.S.C. § 544(a); *Belisle*, 877 F.2d at 514 n.2 (stating that section 544(a) "specifies that the trustee shall be treated as a person without *actual* notice") (emphasis in original); *Sandy Ridge*, 807 F.2d at 1334-36.

Constructive notice can take two forms: record notice and inquiry notice. *Goldberg v. Ehrlich (In re Ehrlich)*, 59 B.R. 646, 650 (Bankr. N.D. Ill. 1986).[1] Record notice means notice under section 30 of the Illinois Conveyances Act from an instrument duly recorded in the appropriate public office. *See* 765 ILCS 5/30 (2008). Section 30 "imputes to a purchaser knowledge that could be gained from an examination of the grantor-grantee index in the office of the Recorder of Deeds," as well as from court records for the county in which the property in question is located. *Ehrlich*, 59 B.R. at 650; *see also In re Richardson*, 75 B.R. 601, 605 (Bankr. C.D. Ill. 1987).

Here, Goldstein unquestionably lacked record notice of National City's mortgage as of

---

[1]    *Ehrlich* and some of the other cases cited here concerned bona fide purchasers rather than judgment lien creditors. Goldstein insists that as a judgment lien creditor under section 544(a)(1) she is not subject to the constructive notice standard applicable to a bona fide purchaser under section 544(a)(3). (Pl. Supp. Br. at 4-5). She is mistaken. Under Illinois law, the constructive notice standards for judgment lien creditors and bona fide purchasers are the same. *See In re Buchner*, 202 F. 979, 987 (S.D. Ill. 1912) ("In Illinois judgment creditors and purchasers stand on equal footing with respect to prior liens or interests of which they have no notice"); *German-Am. Nat'l Bank of Lincoln v. Martin*, 277 Ill. 629, 648, 115 N.E. 721, 729 (1917) (stating that section 30 of the Illinois Conveyances Act "places creditors on the same footing as subsequent purchasers").

the petition date because the mortgage was not recorded in McHenry County, the location of the property. *Cf. Banco Popular v. Beneficial Sys., Inc.*, 335 Ill. App. 3d 196, 204, 780 N.E.2d 1113, 1120 (1st Dist. 2002) (finding no record notice of deed that was unrecorded). National City suggests no other source from which Goldstein might have had record notice.

That leaves inquiry notice. Inquiry notice imputes to a purchaser or creditor knowledge of facts that a diligent inquiry would have brought to light. *Davis v. Elite Mortg. Servs., Inc.*, 592 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009); *Ehrlich*, 59 B.R. at 650. A duty to inquire may arise from the state of the record itself. *See Allison*, 285 Ill. at 319, 120 N.E. at 812 (stating that people are "chargeable with notice of what appeared in the records, and if unusual facts appeared, such as would cause a reasonably prudent man to suspect the title, they are chargeable with knowledge of whatever would have been discovered by diligent inquiry").

Just as she lacked record notice of the National City mortgage, Goldstein lacked inquiry notice. As of the petition date, the record in McHenry County, where the property was located, gave no indication of any mortgage encumbering property other than Bulgarea's mortgage to LaSalle. No other circumstance in this case would have alerted a hypothetical judgment lien creditor or a bona fide purchaser to National City's mortgage. True, the National City mortgage was recorded in Lake County. But the property was not located in Lake County, and a creditor or purchaser would have no reason at all to examine the record in a county other than the county in which the property was located. *Id.* at 319, 120 N.E. at 811. Goldstein is therefore entitled to use her strong arm power to avoid National City's mortgage.

National City, though, disagrees. According to National City, an examination of the record in McHenry County would have put a reasonable person on inquiry notice because the

record failed to reflect not only the National City mortgage but also Bulgarea's title to the property: the 2003 deed from the Hedberg Trust conveying the property to her was also mistakenly recorded in Lake rather than McHenry County. That fact, National City contends, would have required a reasonable person to inquire by what right Bulgarea purported to own the property – and would have led to the discovery of the mortgage recorded in Lake County.

Not so. Certainly, the record in McHenry County, showing title still in the Hedberg Trust, would have required a reasonable person to inquire into the basis of Bulgarea's ownership of the property. *Id.* But that inquiry would not have led to the discovery of National City's mortgage. Even an unrecorded deed is effective as between the parties to the conveyance upon delivery of the deed. *See Farmers State Bank v. Neese*, 281 Ill. App. 3d 98, 105, 665 N.E.2d 534, 538 (4th Dist. 1996). If a reasonable person, whether a creditor or a purchaser, had asked Bulgarea about her right to occupy the property, she could have responded adequately by simply producing her deed from the Hedberg Trust.

Since a recorded deed is unnecessary to establish ownership, production of Bulgarea's unrecorded deed would have been enough to allay any concerns a reasonable person might have about her title. Nothing in the record in McHenry County, and nothing about Bulgarea's production of the unrecorded deed, would have prompted a person concerned only with title to ask Bulgarea additional questions about possible unrecorded mortgages, let alone search for mortgages mistakenly recorded in other counties. *See Greer v. Carter Oil Co.*, 373 Ill. 168, 173, 25 N.E.2d 805, 808 (1940) ("The law only charges purchasers with notice of conveyances in the direct line of title."); *Allison*, 285 Ill. at 319, 120 N.E. at 811 (noting that purchasers and creditors are not "chargeable with notice of facts by records not in their chain of title"); 5 Herbert

Thorndike Tiffany, *The Law of Real Property* § 1265 at 21 (3d ed. 1939).

Because nothing would have put a judicial lien creditor or bona fide purchaser on inquiry notice of National City's mortgage as of the petition date in this case, sections 544(a)(1) and (3) of the Code make Goldstein's interest in the property superior to the interest of National City. Goldstein's motion for summary judgment will be granted.

### b. Claim Against LaSalle

Goldstein has not moved for summary judgment on her separate claim against LaSalle, but it is necessary to address that claim nonetheless. In her complaint, Goldstein requests relief against LaSalle but alleges no dispute between LaSalle and herself. Without a dispute, her claim presents no case or controversy and must be dismissed for lack of jurisdiction.

Discussions of bankruptcy jurisdiction typically focus on 28 U.S.C. § 1334. Sometimes overlooked are the broader requirements of Article III of the Constitution restricting the jurisdiction of federal courts to "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 476 n.13 (1982). The limits Article III imposes on federal jurisdiction generally apply to bankruptcy courts. *Bank One, NA v. Knopfler (In re Holstein)*, Nos. 00 B 18138, 03 A 638, 2004 WL 26516, at *5 (Bankr. N.D. Ill. Jan. 5, 2004); *Day v. Klingler (In re Klingler)*, 301 B.R. 519, 523 (Bankr. N.D. Ill. 2003); *Kilen v. United States (In re Kilen)*, 129 B.R. 538, 543 (Bankr. N.D. Ill. 1991).

To satisfy the case-or-controversy requirement, there must be, at a minimum, an "actual dispute[ ] between adverse parties." *Richardson v. Ramirez*, 418 U.S. 24, 36 (1974); *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 305-06 (2000) (Scalia, J., concurring in judgment);

*GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 383-84 (1980) (underscoring the importance of "[t]he clash of adverse parties"); Erwin Chemerinsky, *Federal Jurisdiction* § 2.2 at 49 (5th ed. 2007). This is a "bedrock requirement." *Valley Forge*, 454 U.S. at 471. If there is no dispute, or if the parties are not adverse (or sufficiently adverse), there is no federal jurisdiction. *Holstein*, 2004 WL 26516, at *5.

The adversary complaint here discloses no dispute between Goldstein and LaSalle. Goldstein alleges the loan from LaSalle as well as the execution and recording of the mortgage in LaSalle's favor. (Compl. ¶¶ 16-18). Goldstein also "requests that LaSalle be compelled to prove up the amount of its lien claim against the property in anticipation of a sale of the Property." (*Id.* ¶ 22). But Goldstein does not challenge the validity of the mortgage, nor does she allege any disagreement over the amount of LaSalle's claim. It may be that Goldstein is uncertain about the amount of that claim, but federal courts do not have jurisdiction to cure that kind of uncertainty. Without an allegation that Goldstein contends LaSalle's claim is one amount and LaSalle contends it is another, there is no "actual dispute[ ] between adverse parties" to confer jurisdiction under Article III. *Richardson*, 418 U.S. at 36.

Subject matter jurisdiction is a threshold question, "the first question in every case." *State of Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998), because without jurisdiction the "court cannot proceed at all," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation omitted). Federal courts therefore have a duty to examine their own subject matter jurisdiction, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), even where, as here, the parties have not questioned it, *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). When jurisdiction is absent, dismissal *sua sponte* is not

only appropriate but required. *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

Because the adversary complaint alleges no case or controversy involving LaSalle, Goldstein's claim against LaSalle will be dismissed for lack of jurisdiction.

### 4. Conclusion

For these reasons, the motion of plaintiff Ilene F. Goldstein for summary judgment on her claim against defendant National City Mortgage Company is granted. Goldstein's claim against defendant LaSalle Bank, N.A. is dismissed for lack of jurisdiction. A separate judgment will be entered consistent with this opinion.

Dated: September 9, 2010

_____
A. Benjamin Goldgar
United States Bankruptcy Judge